D.W. NELSON, Senior Circuit Judge,
dissenting:
I respectfully dissent. Because common factual and legal issues predominate, I would affirm the district court.
First, the majority holds that the facts do not justify a presumption of reliance. Majority Opinion at 584-96. I disagree. Both California’s Consumer Legal Remedies Act and its Unfair Competition Law allow for a presumption of reliance. Vasquez v. Super. Ct., 4 Cal.3d 800, 94 Cal.Rptr. 796, 484 P.2d 964, 973 n. 9 (1971); see also In re Tobacco II Cases, 46 Cal.4th 298, 93 Cal.Rptr.3d 559, 207 P.3d 20, 39-41 (2009). The district court concluded correctly that the focus of the inquiry should not be on which class members saw the advertisements and relied on them. Rather, the broadly disseminated advertisements omitted potentially material information about the limitations of the CMBS system. Mass. Mut. Life Ins. v. Superior Court, 97 Cal.App.4th 1282, 119 Cal.Rptr.2d 190, 198 (2002). Appellees allege that everyone in the class was exposed to those omissions. While the omitted information may have been available to consumers from other sources, Honda has not shown that consumers actually received the information prior to purchase. Mass. Mut., 119 Cal.Rptr.2d at 198-99 (2002); see also Occidental Land, Inc. v. Super. Ct., 18 Cal.3d 355, 134 Cal.Rptr. 388, 556 P.2d 750, 754 (1976) (“[A]n inference of reliance arises if a material false representation was made to persons whose acts thereafter were consistent with reliance upon the representation.”). Plaintiffs have alleged that the named plaintiffs and class members would not have paid for the CMBS system had Honda disclosed the omitted information. The district court correctly imputed reliance to the class.
Next, I concur with the majority that Honda has sufficient contacts with California to satisfy constitutional concerns. Allstate Ins. Co. v. Hague, 449 U.S. 302, 310-11, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981); Wershba v. Apple Computer, Inc., 91 Cal.App.4th 224, 110 Cal.Rptr.2d 145, 159 (2001). Honda, a California corporation, has made Torrance, California its principal place of business and its corporate headquarters for sales, marketing, research and development. Honda hired an advertising agency in Santa Monica, California to create print, radio and television ads for the CMBS system and an advertising agency in Culver City, California for its internet-based ads.
I disagree, however, with the majority’s choice of law analysis pursuant to California’s three-step governmental interest test. McCann v. Foster Wheeler LLC, 48 Cal.4th 68, 105 Cal.Rptr.3d 378, 225 P.3d 516, 527 (2010). First, the majority concludes that material differences exist between California law and that of the 43 jurisdictions in which class members reside. Majority Opinion at 591-92. I find only one potentially material difference: Louisiana, Georgia, Mississippi, Kentucky, *598 Virginia and Alabama prohibit class actions that allege unfair trade practices under state law. La.Rev.Stat. Ann. § 51:1409(A) (2008); Ga.Code Ann. § 10-l-399(a); Miss.Code Ann. § 75-24-15(4) (West 2007); Arnold v. Microsoft Corp., No. 00 CV. 123, 2001 WL 193765, at *6 (Ky.Cir.Ct. July 21, 2000); Va.Code Ann. § 59.1-204; Ala.Code § 8-19-10® (1981). Because California contemplates such class actions, I must consider next whether each of these states has an interest in applying its laws to this litigation. McCann, 105 Cal.Rptr.3d 378, 225 P.3d at 527. They do not.
The majority holds that applying California law to a nationwide class would discount each state’s interest in achieving an optimal balance between consumer protection and business friendliness. Majority Opinion at 592-93. But pro-business legislation does not speak to the specific interest states have in imposing their laws on this litigation. Honda has not shown how a state’s general interest in prohibiting class actions brought under its own consumer protection laws translates into an interest in having its laws apply to this litigation. Unmistakably, California has a keen interest in deterring California corporations, with their principal places of business in California, from engaging in tortious conduct within the state. Clothes-rigger, Inc. v. GTE Corp., 191 Cal.App.3d 605, 236 Cal.Rptr. 605, 609 (1987) (“California’s interest in deterring fraudulent conduct by businesses headquartered within its borders and protecting consumers from fraudulent misrepresentations emanating from California would override any possible interest of any other state in application of its own laws to its residents’ claims.”).
In assessing “which state’s interests would be more impaired if its policy were subordinated to the policy of the other state,” Clothesrigger, 236 Cal.Rptr. at 609, the majority concludes both that applying California law would impair foreign states’ ability to foster commerce and that California has an attenuated interest in applying its law to nonresidents, Majority Opinion at 593-94. I strongly disagree. Each state with a material conflict has an interest in having its consumer protection laws apply to transactions taking place within that state’s borders. However, California’s interest would be most significantly impaired if its laws were not applied to this litigation. Honda is incorporated and headquartered in California; the advertisements at issue emanated from the state. California has a compelling interest in regulating the conduct of corporations operating within the state and availing themselves of the state’s privileges. Clothesrigger, 236 Cal.Rptr. at 614; Wershba, 110 Cal.Rptr.2d at 159 (noting that California Business and Professions Code Section 17500 addresses deception of nonresident class members deceived by representations disseminated from California).
Thus, California law should govern. In fact, California courts themselves have held that “a California court may properly apply the same California statutes at issue here to non-California members of a nationwide class where the defendant is a California corporation and some or all of the challenged conduct emanates from California.” Wershba, 110 Cal.Rptr.2d at 160; see also Clothesrigger, 236 Cal.Rptr. at 615-16 (applying California law to nationwide class).
The majority’s holding will prove devastating to consumers. Individual claimants will not bring actions to recover the $4,000 paid for the CMBS systems. Even if consumers did pursue these claims, and even if these claims proved successful, they “would not only unnecessarily burden the *599 judiciary, but would prove uneconomic for potential plaintiffs” because “litigation costs would dwarf potential recovery.” Hanlon v. Chrysler Corp., 150 F.3d 1011, 1023 (9th Cir.1998). Without certification of a nationwide class to which California law applies, Honda becomes free to avail itself of the benefits offered by California without having to answer to allegations by consumers nationwide that it has violated the consumer protection laws of its forum state. This situation will allow corporations to take advantage of a forum state’s hospitable business climate on the one hand, while simultaneously discounting the potential for litigation by nationwide consumers in response to a particular profit-motivated but harmful action on the other. If the harm to individual consumers is small enough to create a disincentive to individual litigation, and if a nationwide class action is not a potential consequence, corporations can choose increased revenues over the consumer with impunity. Thus, corporations like Honda will be able to act without accountability for past behavior and without a check on future profit-motivated actions that may risk consumer harm.
The district court did not abuse its discretion in certifying a nationwide class to which California law applies. I respectfully dissent.